1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   SHEILA REAGAN,                          No.  12-CV-02530-MCE-CKD

12              Plaintiff,

13        v.                                 **MEMORANDUM AND ORDER**

14   HOME DEPOT, U.S.A., INC., and
     DOES 1 to 50,
15
                 Defendants.
16

17

18        In August 2012, Shelia Reagan ("Plaintiff") filed a products liability action in

19   California state court.  Home Depot, USA, Inc. ("Defendant") removed the case to federal

20   court in October 2012.[1]  Plaintiff filed a Motion to Dismiss on December 17, 2012.  (ECF

21   No. 12.)  Defendant opposes Plaintiff's Motion.  (ECF No. 14.)[2]  For the following

22   reasons, Plaintiff's request is GRANTED.

23   ///

24   ///

25   _____

26        [1] Plaintiff erroneously sued Home Depot, USA, Inc. as "Home Depo USA, INC."  (ECF No. 5.)  The
     Court will ignore the typographical error and refer to Home Depo as Home Depot.

27        [2] Because oral argument will not be of material assistance, the Court orders this matter submitted
     on the briefs.  E.D. Cal. Local Rule 78-230(h).
28

1

**BACKGROUND[3]**

2

3       The facts relevant to the instant motion are as follows.  Plaintiff filed this action on

4   August 30, 2012, in state court.  On October 9, 2012, Defendant filed an Answer which

5   did not include any counterclaims, and shortly afterwards removed the action to federal

6   court.  On December 6, 2012, the parties filed a Rule 26(f) Joint Status Report dated

7   October 10, 2012.  On September 29, 2012, a fire damaged Plaintiff's counsel's office

8   and destroyed Plaintiff's file.  On December 12, 2012, Plaintiff's counsel reached out to

9   Defendant's counsel about a stipulated dismissal due to the fire.  Defendant's counsel

10  wanted Plaintiff to agree that she would only re-file this action in federal court, but

11  Plaintiff would not agree to this condition.  Thus, Plaintiff filed a Motion to Dismiss its own

12  case.

13

14                                    **STANDARD**

15

16      Federal Rule of Civil Procedure 41(a)(2) governs Plaintiff's request in this case.[4]

17  It states:

18              [A]n action may be dismissed at the plaintiff's request only by
                court order, on terms that the court considers proper.  If a
                defendant has pleaded a counterclaim before being served
19              with plaintiff's motion to dismiss, the action may be dismissed
                over the defendant's objections only if the counterclaim can
20              remain pending for independent adjudication.

21

22  Fed. R. Civ. P. 41(a)(2).  A dismissal under Rule 41(a)(2) is within the Court's discretion.

23  Generally, a Court will grant a Rule 41(a)(2) dismissal without prejudice if the Defendant

24  will not suffer "plain legal prejudice" as a result of the dismissal.  Hamilton v. Firestone

25  Tire & Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir. 1982).

26
    _____
27      [3]The facts are taken from Plaintiff's Notice of Motion for Voluntary Dismissal, (ECF No. 12), unless
    specified otherwise.
        [4]All future reference to Rule or Rules refer to the Federal Rules of Civil Procedure unless specified
28  otherwise.

The Ninth Circuit has explained that "legal prejudice" means "prejudice to some legal interest, some legal claim, and some legal argument."  Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996).  "The threat of future litigation" or defending the suit in another forum does not result in plain legal prejudice.  Id. at 96-97.

**ANALYSIS**

Defendant argues that it will "suffer prejudice if the case is re-filed in state court since it will have to incur further costs to litigate the matter again, including fees for appearing in a re-filed case and possibly a second removal of the action." (ECF No. 18.) After reviewing the docket and all moving papers in this case, the Court concludes that this action is at an early stage of litigation and neither party has put in substantial human effort or financial resources preparing for trial.  Plaintiff filed the dismissal motion less than three months after filing the initial Complaint.  (ECF No. 12.) To date, Defendant has filed an Answer but no counterclaims.  (Id.)  The case could not continue absent Plaintiff's Complaint.  Neither party has filed any dispositive motions.  Other than the six-page Joint Status Report, there has been little development in this case.  (ECF No. 10.) While Defendant would prefer for this case to continue in federal court, Defendant has failed to demonstrate how it will suffer "legal prejudice" if Plaintiff dismisses this case and re-files it in state court.  Because Defendant will not suffer plain legal prejudice, the Court grants Plaintiff's dismissal request.

///

///

///

///

///

///

///

3

1

## CONCLUSION

2

3        For the foregoing reasons, It IS HEREBY ORDERED that Plaintiff's action be

4   DISMISSED without prejudice.

5        IT IS SO ORDERED.

6

7    Dated:  February 1, 2013

8

9

10                                        _____
                                          MORRISON C. ENGLAND, JR, CHIEF JUDGE
11                                        UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28